UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Eugene Dowgiert

    v.                                              Civil No. 11-cv-416-JL

Robert Hagopian *et al.*

### PROCEDURAL ORDER

Eugene Dowgiert commenced this action in Rockingham County Superior Court in July 2011, bringing state-law claims of negligence and strict products liability arising out of burns he suffered when a gas grill allegedly caught fire.  As defendants, Dowgiert has named:

- Several corporations that allegedly manufactured the grill, Dynamic Cooking Systems, Inc., Fisher & Paykel Appliances, Inc., Fisher & Paykel Appliances, and USA Holdings, Inc. (collectively, the "DCS defendants");

- Two corporations that allegedly manufactured the regulator on the grill, Grand Hall USA, Inc. and Grand Hall Enterprises Co., Ltd. (collectively, the "Grand Hall defendants"); and

- Above Service Company and its principal, Robert Hagopian, who allegedly serviced the grill at some point prior to the fire.

The DCS defendants removed the action to this court, invoking its diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1). According to the notice of removal, Dowgiert is a citizen of New Hampshire, Hagopian is a citizen of North Carolina, and the DCS defendants and the Grand Hall defendants are all foreign corporations with their principal places of business outside of

New Hampshire.  The notice also states that Above Service Company "was a New Hampshire corporation that was administratively dissolved by the Secretary of State on September 1, 2006."

The notice of removal does not explain, however, the significance of Above Service's dissolution to the existence of diversity jurisdiction here.  While the case law on this point is not uniform, and neither the Court of Appeals nor this court has previously addressed the question, there is a general consensus that "state law governs the extent, nature, and period of liability for dissolved corporations, and hence whether they are deemed to exist for diversity jurisdiction purposes."  13F Charles Alan Wright et al., Federal Practice & Procedure § 3623, at 32 (3d ed. 2009) (citing Ripalda v. Am. Operations Corp., 977 F.2d 1464 (D.C. Cir. 1992)).  Under New Hampshire law, "[a] corporation administratively dissolved continues its corporate existence," albeit with limitations on its activities.  N.H. Rev. Stat. Ann. § 293-A:14.21(b); see also Embassy Software Corp. v. eCopy, Inc., 592 F. Supp. 2d 225, 230 (D.N.H. 2009).

If this view of the law is correct, then there is no diversity jurisdiction here, because Above Service still exists under New Hampshire law, meaning its citizenship counts--and its citizenship is the same as that of the plaintiff.  Accordingly, the DCS defendants (who, having removed the case to this court,

2

bear the burden of showing its jurisdiction, see, e.g., Pruell v. Caritas Christi, 645 F.3d 81, 84 (1st Cir. 2011)), shall show cause **on or before March 11, 2013,** why this case should not be remanded to Rockingham County Superior Court for lack of subject-matter jurisdiction.  The showing shall take the form of a filing not to exceed 10 pages.  Dowgiert and the other parties may, but need not, file a response, also not to exceed 10 pages, by **March 18, 2013.**

   **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  February 28, 2013

cc:  Michael J. Iacopino, Esq.
     Robert Hagopian, pro se
     William A. Staar, Esq.
     Ralph Suozzo, Esq.
     Kenneth B. McKenzie, Esq.
     Richard A. Ergo, Esq.
     R. Matthew Cairns, Esq.