UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Eugene Dowgiert

v.                                    Civil No. 11-cv-416-JL

Robert Hagopian *et al.*

### SUMMARY ORDER

Eugene Dowgiert commenced this action in Rockingham County Superior Court, bringing state-law claims of negligence and strict products liability arising out of burns he suffered when a gas grill allegedly caught fire.  As defendants, Dowgiert names:

- •several corporations that allegedly manufactured the grill, Dynamic Cooking Systems, Inc., Fisher & Paykel Appliances, Inc.; and Fisher & Paykel Appliances, USA Holdings, Inc. (collectively, the "DCS defendants");

- •two corporations that allegedly manufactured the regulator on the grill, Grand Hall USA, Inc. and Grand Hall Enterprises Co., Ltd. (collectively, the "Grand Hall defendants"); and

- •Above Service Company ("ASC") and its principal, Robert Hagopian, who allegedly serviced the grill at some point prior to the fire.

The DCS defendants removed the action to this court, invoking its diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1). According to the notice of removal, Dowgiert is a citizen of New Hampshire, Hagopian is a citizen of North Carolina, and the DCS defendants and the Grand Hall defendants are all foreign corporations with their principal places of business outside of New Hampshire.  The notice also states that ASC "was a New

Hampshire corporation that was administratively dissolved by the Secretary of State on September 1, 2006."

This court subsequently ordered the DCS defendants to show cause why the case should not be remanded to Rockingham County Superior Court for lack of subject-matter (diversity) jurisdiction. Order of Feb. 28, 2013, at 3. The court noted the "general consensus that 'state law governs the extent, nature, and period of liability for dissolved corporations, and hence whether they are deemed to exist for diversity jurisdiction purposes.'" Id. at 2 (quoting 13F Charles Alan Wright et al., Federal Practice & Procedure § 3623, at 32 (3d ed. 2009)), and that "[u]nder New Hampshire law, 'a corporation administratively dissolved continues its corporate existence,'" id. (quoting N.H. Rev. Stat. Ann. § 293-A:14.21(b)). Thus, the court noted, "[i]f this view of the law is correct, then there is no diversity jurisdiction here, because [ASC] still exists under New Hampshire law, meaning its citizenship counts--and its citizenship is the same as that of the plaintiff." Id. at 2-3.

In response, the DCS defendants filed a memorandum arguing that "diversity jurisdiction is unaffected by ASC's presence because ASC is not an 'indispensible' party" in light of its dissolution. "Even if a party is not indispensible, however, but 'merely proper, . . . if in fact he or she has been joined in the

2

action, that party's citizenship must be considered for purposes whether subject matter jurisdiction exists.'" Allard v. Foremost Ins. Co., No. 12-cr-65, 2012 WL 2923186, at *1 (D.N.H. July 18, 2012) (quoting 13E Wright supra, § 3606, at 262-63).  Thus, even if ASC is not "indispensible" under Rule 19(b) of the Federal Rules of Civil Procedure (as the DCS defendants argue at length), it has been joined as a party here, so its citizenship "counts" for purposes of diversity jurisdiction.  Indeed, while "[i]t occasionally was said too loosely in some older cases that only the citizenship of 'indispensible'--Rule 19(b)--parties will be considered in determining whether diversity jurisdiction exists[,] [t]his simply is not the rule." 13E Wright, supra, § 3606, at 262 (emphasis added).

In arguing to the contrary, the DCS defendants rely heavily on such "older" cases.  See e.g. Salem Trust Co. v. Manufacturers' Fin. Co., 264 U.S. 182 (1924); Hann v. City of Clinton, 131 F.2d 978 (10th Cir. 1942); Stonybrook Tenants Ass'n, Inc. v. Alpert, 194 F. Supp. 552 (D. Conn. 1961); Leadman v. Fid. & Cas. Co. of N.Y., 92 F. Supp. 782 (S.D. W. Va. 1950).  In any event, these cases do not stand for the proposition that diversity jurisdiction depends on the citizenship of "indispensible" parties only.  Rather, as the DCS defendants themselves point out, these cases hold that the diversity inquiry

3

disregards the citizenship of "formal" or "nominal" parties, e.g., a bank holding (but not making any claim to) the funds which are the subject of the action.  Salem Trust, 264 U.S. at 189.  But the DCS defendants do not argue that ASC is a "formal" or "nominal" party, and it does not meet the definition of those terms as they are used in this context.  See 15 James William Moore et al., Moore's Federal Practice § 102.15, at 102-32.3 (3d ed. 2012) ("a nominal defendant is a person who can be joined to aid the recovery of relief without an additional assertion of subject matter jurisdiction only because the defendant has no ownership interest in the property that is the subject of the litigation").  Instead, they argue that ASC is not indispensible--a status which is not the same as "formal" or "nominal" and, as just stated, is irrelevant to the jurisdictional inquiry.

The DCS defendants also rely heavily on the decision by the Court of Appeals in DCC Operating, Inc v. Siaca (In re Olympic Mills Corp.), 477 F.3d 1 (1st Cir. 2007), but it is not to the contrary.  Olympic Mills holds that "claims launched by necessary but dispensible, nondiverse defendant-intervenors do not defeat the original jurisdiction (diversity) that obtained at the commencement of the action."  Id. at 12.  Here, however, the question is whether diversity "obtained at the commencement of the action" despite the fact that Dowgiert's complaint named a

non-diverse defendant, ASC.  This is not a case, like Olympic
Mills, where the original parties were diverse but a non-diverse
party has since intervened.  Indeed, the Olympic Mills court
specifically recognized that, while "[t]he post-filing context is
more elastic," the requirement of complete diversity "is most
inflexibly applied at the time of filing, for it has long been
settled that 'the jurisdiction of the court depends upon the
state of things at the time of the action brought.'"  Id. at 7
(quoting Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S.
567, 570 (2004) (further quotation marks omitted)).

      Here, "the state of things at the time of the action
brought" was (and, for that matter, still is) that both the
plaintiff, Dowgiert, and one of the defendants, ASC, are citizens
of New Hampshire.[1]  So there is no diversity jurisdiction,
whether or not ASC is indispensible under Rule 19(b).  See 13E
Wright, supra, § 3606, at 262.

---

      [1]As is the case with nominal defendants, the citizenship of
"fraudulently joined" defendants is disregarded for purposes of
diversity.  See, e.g., 16 Moore, supra, § 107.14[2][c][iv][A], at
107-76.  But "[w]hen a party seeking removal alleges fraudulent
joinder, the removing party bears the burden of proving the
alleged fraud.  [This] burden of persuasion . . . is
substantial."  Id. § 107.14[2][c][iv][B], at 107-84-85.  The DCS
defendants have not claimed that Dowgiert fraudulently joined
ACS, let alone attempted to prove it, so the court has not
considered that possibility.

The DSC defendants protest that this conclusion "ultimately defeats the purpose of diversity jurisdiction, especially when, as is the case here, the plaintiff is a local resident and the defendant seeking the protection of the federal court is a foreign entity."  That description, of course, fits nearly every case removed to federal court on the basis of diversity jurisdiction; nevertheless, diversity jurisdiction over such a case exists only where <u>all</u> of the defendants are foreign.  <u>See</u> <u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806).  As <u>Olympic Mills</u> explains, while "[t]he historic primary function of the diversity requirement was to provide a neutral forum for the out-of-state litigant who fears that the state court may be unduly, if unconsciously and inarticulately, solicitous for the interests of its own citizens . . . [t]he presence of a nondiverse party eliminates this concern."  477 F.3d at 6-7 (quotation marks and citation omitted).  Although this logic may be open to question (as law professors are fond of pointing out to their first-year civil procedure students), this court is bound to take it as Gospel.  Because this court lacks subject-matter jurisdiction over this action, it is REMANDED to the Rockingham County Superior Court.  <u>See</u> 28 U.S.C. § 1447(c).

6

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 22, 2013

cc:  Michael J. Iacopino, Esq.
     Robert Hagopian, pro se
     William A. Staar, Esq.
     Ralph Suozzo, Esq.
     Kenneth B. McKenzie, Esq.
     Richard A. Ergo, Esq.
     R. Matthew Cairns, Esq.